Opinion filed November 30, 2016



In The

# Eleventh Court of Appeals

_____

No. 11-16-00141-CV

_____

## IN THE INTEREST OF D.O.A.I., A CHILD

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM 57,834**

—and—

_____

No. 11-16-00142-CV

_____

## IN THE INTEREST OF A.L.L.I., A CHILD

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM 59907**

—and—

**IN THE INTEREST OF D.R.W., A CHILD**

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. FM 49,579**

**M E M O R A N D U M   O P I N I O N**

In each cause, the trial court entered an order in which it terminated the parental rights of the mother of the children at issue in these appeals. The mother appeals and presents two issues in each appeal. She challenges the denial of her motion to dismiss and the termination of her rights based upon evidence that should have been barred by res judicata. We affirm.

Appellant does not challenge the sufficiency of the evidence. To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(T) and that termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b)(1), (2) (West Supp. 2016). In our Cause Nos. 11-16-00141-CV and 11-16-00143-CV, the trial court found that Appellant committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (N), and (O). In our Cause No. 11-16-00142-CV, the trial court found that Appellant committed three of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), and (O). The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of each child.

Appellant first became involved with the Department of Family and Protective Services in 2008 when her first child, D.R.W., tested positive for methamphetamine at birth. The mother completed family-based services but was again involved with the Department in 2011. With respect to this cause, the Department received two separate intakes in mid-2014. The second 2014 intake resulted from a drug raid by police at a house at which Appellant and her children were present. The children were ultimately removed from Appellant's care.

After Appellant began participating in court-ordered services, the trial court ordered that the children be returned to Appellant in a monitored return, which began in July 2015. The Department remained the children's managing conservator during the monitored return. The monitored return was short-lived because Appellant physically abused A.L.L.I. As a result, the Department, on October 2, 2015, again removed the children from Appellant and placed them in foster care. Appellant thereafter failed to consistently visit her sons, D.O.A.I. and D.R.W., who remained in a foster home at the time of trial. The foster parents expressed a desire to adopt both boys. The Department ultimately placed A.L.L.I. with a paternal relative, and the trial court appointed A.L.L.I.'s father as her sole managing conservator when it terminated Appellant's parental rights.

In her first issue in each appeal, Appellant argues that the trial court should have granted her motion to dismiss based upon Section 263.403 of the Family Code. Appellant presents two arguments in this issue. She first contends that dismissal was required because the trial court failed to enter a written order setting a new dismissal date "at the time" that the children were removed from the monitored return. *See* TEX. FAM. CODE ANN. § 263.403(c) (West 2014). She additionally contends that dismissal was required because the order that was ultimately entered after the monitored return ended did not include specific findings as required by Section 263.403(d). We disagree with Appellant's contentions.

Pursuant to Section 263.403(c), if a child placed is removed from a monitored return before the dismissal of the suit or the commencement of the trial on the merits, the trial court "shall, at the time of the move, schedule a new date for dismissal of the suit unless a trial on the merits has commenced." *Id.* The new dismissal date may not be later than the original dismissal date or the 180th day after the date the child is removed from the monitored return, whichever date is later. *Id.*

The records show that, at the time that it entered an order on the Department's motion for monitored return, the trial court reset the dismissal date in each cause to January 23, 2016. *See id.* § 263.403(b)(2). More than two months after the monitored return ended, the trial court set March 30, 2016, as the new dismissal date in each cause. On February 22, 2016, one week before trial, Appellant filed a motion to dismiss each cause. The arguments made by Appellant in her motions to dismiss are similar to those that she argues on appeal. The trial court denied Appellant's motions and proceeded to trial.

Nothing in Section 263.403 indicates that dismissal is an appropriate remedy for the trial court's failure to schedule a new dismissal date "at the time" of removal from a monitored return as required by Section 263.403(c), nor does the language of that section indicate that a belated order setting a new dismissal date is a void order. *See L.H. v. Tex. Dep't of Family & Protective Servs.*, No. 03-15-00673-CV, 2016 WL 767942, at \*3 (Tex. App.—Austin Feb. 24, 2016, no pet.) (mem. op.) ("The statute does not, however, provide a consequence for a trial court's failure to schedule a new date at the time of the move."); *In re J.C.J.*, No. 05-05-01555-CV, 2006 WL 2348987, at \*5 (Tex. App.—Dallas Aug. 15, 2006, no pet.) (mem. op.). Furthermore, the statutory dismissal dates are not jurisdictional. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009). The March 30, 2016 dismissal date, as set by order of the trial court, had not yet arrived when Appellant

filed her motions to dismiss. We hold that the trial court did not err when it denied Appellant's motions to dismiss based upon Section 263.403(c).

As for Appellant's contention under subsection (d), we do not read that subsection to require the trial court to enter a written order that contains specific findings upon a child's removal from a monitored return. Section 263.403(d) provides, "If the court renders an order under this section [monitored return of child to parent], the court must include in the order specific findings regarding the grounds for the order." During the monitored return, the Department remained the children's temporary managing conservator, and pursuant to the trial court's order, the Department was required to monitor the placement of the children in Appellant's home and to remove them from that home if the situation became unsafe. Sometime after the Department determined that the children were not safe and removed the children from the monitored return, the trial court issued an order in which it found that it would be in the children's best interest to grant the Department's motion to set a new dismissal date based upon the removal of the children from the monitored return. The trial court made no other findings in its order. *See In re A.H.J.*, No. 05-15-00501-CV, 2015 WL 5866256, at \*3 (Tex. App.—Dallas Oct. 8, 2015, pet. denied) (mem. op.) (order not nullified where trial court made best interest finding in open court but did not issue order in which it made specific findings in support of monitored return). We agree with the Dallas court's determination that "there is nothing in section 263.403 suggesting the failure to make such findings would preclude retention of the case on the docket." *Id.* We hold that the trial court did not err when it failed to grant Appellant's motions to dismiss based upon Section 263.403(d). Accordingly, we overrule Appellant's first issue in each appeal.

In her second issue in each appeal, Appellant contends that the trial court improperly based its decision to terminate on evidence that should have been excluded as res judicata. She argues that the trial court erred when it overruled her

5

objections to any and all evidence relating to events that occurred prior to September 28, 2015, because the trial court's September 28, 2015 order was res judicata and constituted a judicial admission of the findings included in that order. Appellant points specifically to the following finding: "The Court finds that [Appellant] is willing and able to provide the child with a safe environment, and therefore continuation of the child in her home is in the child's best interest." Appellant relies upon *C.B. v. Texas Department of Family and Protective Services*, 440 S.W.3d 756, 766 (Tex. App.—El Paso 2013, no pet.), in support of her res judicata argument. As have other courts, we distinguish *C.B.* based upon the unique posture of that case. *See In re D.L.W.*, No. 07-15-00243-CV, 2015 WL 8225213, at *3 (Tex. App.—Amarillo Dec. 4, 2015, no pet.) (mem. op.) (stating that *C.B.* involved unique circumstances); *A.H.J.*, 2015 WL 5866256, at *4 ("After considering the unique circumstances at issue in *C.B.*, we conclude it is not persuasive authority here."); *J.C.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-13-00845-CV, 2014 WL 2740373, at *3 (Tex. App.—Austin June 13, 2014, no pet.) (mem. op.) (noting the unusual posture of *C.B.*).

We first note that the jury charge in *C.B.* contained a specific instruction that required the jury to focus on C.B.'s behavior between the date the children were returned to her for a monitored return and the date of re-removal. *C.B.*, 440 S.W.3d at 766. Second, we point out that res judicata applies to *final* judgments and that the temporary order entered in *C.B.*, like the ones entered by the trial court in the present appeals, was not a final judgment. *See Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992) ("res judicata is the generic term for a group of related concepts concerning the conclusive effects given final judgments"). Third, we note that, despite a trial court finding similar to the one in the present appeals and the res judicata analysis in the appellate court's opinion in *C.B.*, the appellate court ultimately determined that it was appropriate to consider evidence of

events that occurred prior to the monitored return because "relevant evidence of best interest would include a continuation of bad conduct, poor judgment, and violations of the conditions of return." *C.B.*, 440 S.W.3d at 766. Fourth, we observe that the Family Code permits a trial court to consider evidence presented in a previous hearing in a suit for termination even when the trial court entered a final judgment in the previous suit in which it denied a request for termination. FAM. § 161.004 (section applies if, among other things, "the parent committed an act listed under Section 161.001 before the date the order denying termination was rendered" and provides that "the court may consider evidence presented at a previous hearing in a suit for termination of the parent-child relationship of the parent with respect to the same child"). Finally, to hold that the majority of a parent's conduct during the pendency of a termination proceeding is inadmissible because a monitored return was undertaken would discourage the Department and the courts from attempting family reunification through monitored returns. *J.C.C.*, 2014 WL 2740373, at *4. For the above reasons, we hold that the trial court did not err when it overruled Appellant's res judicata objections and that the trial court could properly consider evidence of conduct or events that occurred prior to September 28, 2015. Appellant's second issue in each appeal is overruled.

We affirm the trial court's order of termination in each cause.

PER CURIAM

November 30, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7